IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT NORTH CAROLINA
FAYETTEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 5:11-cv-00468 |
| Plaintiff, | COMPLAINT |
| v. | **JURY TRIAL DEMAND** |
| THE GOODYEAR TIRE & RUBBER COMPANY, | |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Alisha Adams who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") alleges that The Goodyear Tire & Rubber Company ("Defendant") committed unlawful employment practices in violation of the ADA by terminating Alisha Adams in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981(a).

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Fayetteville Division

## PARTIES

3.  Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of the Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a foreign company doing business in the State of North Carolina and the City of Fayetteville, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Alisha Adams ("Adams") filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least October 2007, Defendant has engaged in unlawful employment practices in its Fayetteville, North Carolina facility in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112.

9. In October 2007, Adams applied for the position of "Tire Builder" at Defendant's Fayetteville facility, was deemed qualified for the position, and received a conditional offer of employment.

10. During Defendant's post-offer medical examination, Adams disclosed that she has been diagnosed with menorrhagia, which causes can cause her to suffer from "dizziness" and "loss of consciousness." As a result of this disclosure, Defendant required Adams to obtain medical clearances from two physicians, including a specialist.

11. Adams obtained the above-referenced medical clearances from two separate physicians, passed Defendant's medical and physical fitness tests, and was cleared to begin work by Defendant on or about January 31, 2008.

12. After being medically cleared by Defendant and beginning her employment, Adams disclosed to her supervisor on or about February 22, 2008, that she has been diagnosed with menorrhagia. Upon learning this information Adams' supervisor told Adams that she would have to leave the job and submit another medical clearance and a written explanation of her medical condition in order to return to work.

13. Despite the fact that Adams had already provided two separate medical clearances, Defendant did not allow Adams to return to work. Defendant indicated in written documentation that it feared that Adams might pass out and fall into the tire building machine and become severely injured.

14. On March 10, 2008, one of Adams' physician again cleared her to work for Defendant, and resubmitted the medical clearance to Defendant. Despite receiving this medical clearance, as well as the previous medical clearances, Adams was terminated by Defendant because of its unfounded belief that Adams was substantially limited in the major life activities of remaining conscious and working.

15.. The effect of the practices complained of above has been to deprive Alisha Adams of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Alisha Adams.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants with disabilities, and from failing to provide equal employment opportunities as required by the ADA, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to pay Alisha Adams appropriate back pay in amounts to be determined at trial and prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendant to make whole Alisha Adams whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Alisha Adams whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, frustration, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Alisha Adams punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 7th day of September, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

KARA HADEN
Supervisory Trial Attorney

/s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar No. 403598)
Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202
stephanie.jones@eeoc.gov
Phone: (704) 954-6451
Fax: (704) 954-6412